# A. F. COFFIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23521.   Promulgated October 31, 1930.

*C. J. Carey, Esq.,* and *N. L. McLaren, C. P. A.,* for the petitioner.
*Bruce A. Low, Esq.,* for the respondent.

145

OPINION.

MARQUETTE: The deficiency letter asserts deficiencies for the years 1922 and 1923. The petitioner does not dispute the correctness of the respondent's determination as to the tax liability for the year 1923. This leaves for consideration only the issue raised by the record as to the year 1922. On this issue the petitioner claims that in the transaction described in the findings of fact he exchanged real estate that cost him $98,083.16 for real estate of the fair market value of $57,500, and $28,500 in cash; that his expenses in connection with the exchange were $1,125, and that he therefore sustained a loss of $13,208.16, which he is entitled to deduct in computing his net income for 1922. The respondent takes the position that the transaction in question was one that, under section 202 of the Revenue Act of 1921, did not give rise to either gain or loss, and that in any event the petitioner has failed to establish the cost to him of the real estate he exchanged.

In our opinion the respondent's first contention is well taken and his action with respect to the deduction of the alleged loss should be sustained. Section 202 of the Revenue Act of 1921 provides, among other things, that:

(c) For the purposes of this title, on an exchange of property, real, personal or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—

(1) When any such property held for investment, or for productive use in trade or business (not including stock-in-trade or other property held primarily for sale), is exchanged for property of a like kind or use;

\* \* \* \* \* \* \*

(e) Where property is exchanged for other property which has no readily realizable market value, together with money or other property which has a readily realizable market value, then the money or the fair market value of the property having such readily realizable market value received in exchange shall be applied against and reduce the basis, provided in this section, of the property exchanged, and if in excess of such basis, shall be taxable to the extent of the excess; but when property is exchanged for property specified in paragraphs (1), (2), and (3) of subdivision (c) as received in exchange, together with money or other property of a readily realizable market value other than that specified in such paragraphs, the money or the fair market value of such other property received in exchange shall be applied against and reduce the basis, provided in this section, of the property exchanged, and if in excess of such basis, shall be taxable to the extent of the excess.

The petitioner acquired and held the Jordan Park property as an investment and he exchanged it in 1922 for property of a like kind and use, and a certain amount of cash. It appears from the evidence, and we have so found, that the fair market value of the real estate received in exchange, together with the cash received, was less than the depreciated cost to the petitioner of the property exchanged. It seems to us that Congress intended that in such a situation, neither gain nor loss should be recognized at the time of the exchange, but that the cash should be applied to reduce the cost of " such property " exchanged, leaving the matter of gain or loss to be determined upon the subsequent disposition of " such property " received in exchange. This construction is reasonable and is warranted by the terms of the statute cited. The petitioner did not sustain any deductible loss, and the respondent's determination is approved.

*Decision will be entered for the respondent.*